UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

    v.

PAULA KAVANAGH,

                Defendant.

Case No. C19-883-JCC

**REPORT AND RECOMMENDATION**

Plaintiff is detained at the Snohomish County Jail. He has filed a *pro se* prisoner complaint seeking relief under 42 U.S.C. § 1983 against defendant Jail Officer Pamela Kavanagh. Dkt. 5.

The Court is required to screen complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint here alleges plaintiff is housed in the jail's observation unit. Dkt. 5 at 2. Plaintiff contends he requested items from his personal storage (mail and commissary receipts), and that despite his requests defendant has withheld his property from him. *Id.* at 2-3. He claims defendant's denial of his property violate the First and Fourteenth Amendments and that the

REPORT AND RECOMMENDATION - 1

Court should therefore award him compensatory damages of $1,000,000 and punitive damages of $1,000,000. *Id*. at 4. Because plaintiff has an adequate post-deprivation state remedy for the alleged denial and taking of his property, relief under 42 U.S.C. § 1983 is not available. No amendment to the complaint can cure the fact that plaintiff's claim is not actionable under § 1983. The Court accordingly recommends dismissing the complaint with prejudice and without further leave to amend.

## DISCUSSION

To sustain an action under 42 U.S.C. § 1983, plaintiff must show he suffered a violation of rights protected by the Constitution or created by federal statute. C*rumpton v. Gates*, 947 F.2d 1418, 1429 (9th Cir. 1991). Plaintiff alleges his Fourteenth and First Amendment[1] rights have been violated. The Fourteenth Amendment bars states from depriving a person of property without due process of law. U.S. Const. Amend. XIV. However, where a state actor's unauthorized acts negligently or intentionally deprives an individual of property, the individual is limited to using state post-deprivation remedies if the state has an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available").

The Ninth Circuit has specifically held that an adequate post-deprivation remedy for confiscated property is available in the State of Washington through, for example, the Washington State Tort Claims Act, R.C.W. § 4.92.090. *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir.1989). Similarly, under Washington law, "all local governmental entities . . . shall be liable for damages

---

[1] The complaint contains nothing indicating plaintiff's First Amendment rights have been violated.

REPORT AND RECOMMENDATION - 2

arising out of their tortious conduct. "R.C.W § 4.96.010." As plaintiff has an adequate Washington State post-deprivation remedy for the alleged wrongful taking or withholding of his property, § 1983 relief is foreclosed and the complaint should dismissed with prejudice.

**OBJECTIONS AND NOTING DATE**

Any objections to this Recommendation must be filed no later than **Monday, July 1, 2019**. The matter will be ready for the Court's consideration on Friday**, July 5, 2019** and the Clerk should so note the matter. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge